915 F.2d 1575
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman WENTZ, aka Mr. Sausage, Defendant-Appellant.
 No. 90-1388.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1990.*
Decided Oct. 2, 1990.
 
 Before CUMMINGS and WOOD, JR., Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant-appellant Norman Wentz was convicted of possessing stolen mail, in violation of 18 U.S.C. Sec. 1708, and sentenced to 36 months imprisonment. His appointed counsel filed a notice of appeal from that conviction. Counsel now seeks to withdraw from representing Wentz because any appeal would be frivolous and without merit. See Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51(a), we notified Wentz of his counsel's motion to which Wentz responded. Finding no meritorious issue upon which we could base a reversal, we grant counsel's motion to withdraw, deny Wentz's motion for the appointment of new counsel and dismiss this appeal.
 
 
 2
 The sole issue raised by counsel in the Anders brief is whether the district judge erred when he admitted, pursuant to Fed.R.Evid. 404(b), evidence of other, similar acts of Wentz involving stolen mail. We agree that an appeal of this issue would be frivolous. The district judge, following the four-part test for admissibility set forth in United States v. Hudson, 884 F.2d 1016, 1018 (7th Cir.1989), cert. denied, 110 S.Ct. 3221 (1990), decided that the similar act evidence (the evidence pertaining to the five counts of the indictment, the Raymond Hall check and the Baerwald checks) was admissible because (1) it was directed toward establishing the existence of a plan and the absence of a mistake or an accident; (2) it was close enough in time to be relevant to the matters in issue; (3) it was sufficient to support a finding by the jury that Wentz committed the similar acts; and (4) its probative value outweighed the danger of unfair prejudice. (See Tr.Vol. II at 12-14, 20-21). On review of this decision we reverse only for an abuse of the district judge's discretion. United States v. Sullivan, No. 89-2233, slip op. at 5 (7th Cir.Aug. 28, 1990). There is no such abuse here.
 
 
 3
 In his response to our Circuit Rule 51(a) notice, Wentz made generalized objections to the dismissal of his appeal. He could have particularized these objections in a supplemental response, yet failed to do so. Notwithstanding this failure to supplement his response, we have reviewed the record in this case and are of the opinion that there are no non-frivolous grounds for an appeal.
 
 
 4
 Accordingly, the motion to withdraw is GRANTED, the motion to appoint new counsel is DENIED, and the appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record